IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.H. and S.N., with and on behalf of J.H., a minor,<br><br>Plaintiffs,<br>v.<br><br>EGG HARBOR TOWNSHIP BOARD OF EDUCATION et al.<br><br>Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 08-488 (JBS)<br><br>**OPINION** |

APPEARANCES:
Richard M. Golomb, Esq.
Michael S. Levin, Esq.
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Attorneys for Plaintiffs

Richard L. Goldstein, Esq.
MARSHALL, DENNEHY, WARNER, COLEMAN & GOGGIN, P.C.
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
Attorney for Defendants

**SIMANDLE**, District Judge:

This matter is before the Court upon the motion of Defendants Egg Harbor Township Board of Education ("Board of Education"), Kathryn Atzrott, Bruce Singer, Karen Symanski, Kathleen Gray, Phillip Heery, Concetta Carmen, Donna Freund, Jennifer Martin, James Maguire, William Jackson, Doris Whetstine, Linda Smith, and Margaret Peretti to dismiss the Plaintiffs' Complaint for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction [Docket Item

9].

Plaintiffs brought this suit under section 504 of the Rehabilitation Act of 1973 ("section 504"), 29 U.S.C. § 794; the Individuals with Disabilities in Education Act ("IDEA") 20 U.S.C. § 1415 et seq.; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and various provisions of New Jersey law. They allege, inter alia, that Defendants, individually and jointly, have failed to provide a free and appropriate public education ("FAPE") to plaintiff J.H. in violation of the IDEA. In relief from this Court, Plaintiffs seek compensatory damages, reimbursement of expenses and costs associated with the evaluation and out-of-district supplementary education of J.H., attorneys fees and costs incurred in the current action pursuant to 20 U.S.C. § 1415, 29 U.S.C. § 794 and 42 U.S.C. § 1988, compensatory education for J.H., and other further relief to be determined by the Court.

The principal issue presented is whether this Court has jurisdiction over Plaintiffs' claims to enforce IDEA settlement agreements without first exhausting IDEA administrative remedies under 20 U.S.C. § 1415(l). The Court, for the reasons discussed below, will now grant the Defendants' motion in full and dismiss the Plaintiffs' Complaint entirely, declining to exercise supplemental jurisdiction over state law claims, without prejudice to Plaintiffs' right to pursue available administrative remedies.

## I. BACKGROUND

According to the Complaint, Plaintiff J.H. is a minor residing in Egg Harbor Township, New Jersey, and enrolled in the Egg Harbor Township Public School District.[1] (Compl. ¶¶ 3-4.) Plaintiffs Mr. H. and Ms. N. are the parents of J.H. and both share custody of him. (Id. at ¶ 2.) J.H. primarily resides with Ms. N., his mother, within the boundaries of the Egg Harbor Township School District. (Id.)

Since entering the Swift School in the Egg Harbor Township School District for kindergarten in September of 1998 at the age of four, J.H. has qualified every year that he has spent in the district for an Individualized Education Plan ("IEP") as established under the IDEA. (Id. at ¶¶ 24, 35, 45, 51, 66, 82, 90, 118, 134.) In April 2006, the parents of J.H., unhappy with his progress and unsatisfied by many of the IEPs formulated by the Board of Education's Child Study Team, filed a request for a due process hearing before an administrative law judge ("ALJ") as established under state regulations implementing the IDEA. (Id. at ¶ 136.) Plaintiffs' administrative complaint was assigned to ALJ Joseph F. Fidler.

Prior to any hearing before ALJ Fidler, the parents of J.H. and the Board of Education reached a settlement agreement concerning the future education of J.H. (Id. at ¶ 137.) This

[1] At the time that the Complaint was filed, J.H. was thirteen years old and enrolled in eighth grade in the Egg Harbor Township public school system. (Compl. ¶¶ 19-20.)

agreement was incorporated into an order by ALJ Fidler on August 29, 2006. (Id. at ¶¶ 138-40.) According to the Complaint, the Defendants did not abide by the terms of this agreement and, as a result, the parents of J.H. filed another request for a due process hearing which was assigned to ALJ W. Todd Miller. (Id. at ¶¶ 141-49.) Although the Board of Education filed an answer to this request denying all material allegations, (id. at ¶ 150), the parties again reached a settlement agreement. (Id. at ¶ 152.) This agreement was incorporated into an order by ALJ Miller on October 16, 2007. (Id. at ¶ 153.) According to the Complaint, the Defendants likewise failed to abide by this agreement. (Id. at ¶¶ 154-58.) As a result, the Plaintiffs filed the present action in this Court on January 28, 2008 [Docket Item 1].

Defendants filed a joint answer to Plaintiffs' Complaint on April 4, 2008 [Docket Item 4] and filed the present motion to dismiss on November 20, 2008 [Docket Item 9], to the merits of which the Court now turns.

**II. DISCUSSION**

The Court summarizes the standard under which the Defendants' motion is reviewed, and addresses the merits of the motion, in turn below. As the following discussion makes clear, the Court will: (1) dismiss Count One of the Plaintiffs' Complaint with prejudice as to the individually named Defendants and without prejudice as to the Egg Harbor Township Board of

Education; (2) dismiss Count Two of the Plaintiffs' Complaint with prejudice as to all Defendants; (3) dismiss Count Three of the Plaintiffs' Complaint with prejudice as to all individually named Defendants and without prejudice as to the Egg Harbor Township Board of Education; (4) dismiss Count Four of the Plaintiffs' Complaint without prejudice as to all Defendants; and (5) dismiss Count Five of the Plaintiffs' Complaint without prejudice as to all Defendants.

**A. Standard of Review under Rule 12(b)(1)**

Under Rule 12(b)(1), a defendant may move to dismiss on the grounds that the Court lacks subject matter jurisdiction over the subject of the dispute. Fed. R. Civ. P. 12(b)(1). The Third Circuit has identified two types of defects subject to challenge by a Rule 12(b)(1) motion: those that challenge the subject matter jurisdiction as sufficiently pleaded on the face of the complaint and those that challenge the factual underpinnings alleged as the basis for the court's subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "A challenge to a complaint for failure to allege subject matter jurisdiction is known as a 'facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges . . ." NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001) (citing Mortensen, 549 F.3d at 891; 5A Wright & Miller, Federal Practice

& Procedure § 1350 at 212-18 (West 1990)). An attack on subject matter jurisdiction that is based on a lack of administrative exhaustion is a factual challenge and not a facial one. See e.g., Courtney v. Choplin, 195 F. Supp. 2d 649, 650 (D.N.J. 2002).

"In reviewing a factual attack [such as that presented by the instant motion] the court may consider evidence outside the pleadings." Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). "In such a situation, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000) (quoting Mortensen, 549 F.2d at 891).

**B. Preliminary Matters**

First, the parties have agreed that under Third Circuit precedent and in the present circumstances there is no relief available to Plaintiffs for a claim under 42 U.S.C. § 1983 alleging a violation of the IDEA. A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 803 (3d Cir. 2007). In Count Two of their Complaint, Plaintiffs allege only violations of the IDEA as the basis for liability under 42 U.S.C. § 1983. (Compl. ¶¶ 169-74.) Under A.W., § 1983 may not be used as a vehicle for asserting an IDEA claim, as Plaintiffs themselves concede. (Pls.'Opp'n Br. at

8.) As a result, Count Two of Plaintiffs' Complaint, which addresses Plaintiffs' claims under 42 U.S.C. § 1983, will be dismissed with prejudice as to all Defendants.

Second, the parties agree that Plaintiffs' claims under the IDEA and section 504 are cognizable only against the Board of Education, not the individual defendants. As has been recognized by the courts of this District, "no provision of the IDEA or implementing regulations extends its obligations to individual actors." P.N. v. Greco, 282 F. Supp. 2d 221, 238 (D.N.J. 2008). Additionally, under Third Circuit precedent, for an individual defendant to be liable under section 504, that individual must be the recipient of federal funding. Emerson v. Thiel Coll., 296 F.3d 184, 189-90 (3d Cir. 2002). Both parties agree in this case that the individual defendants are not the direct recipients of federal funding and thus are not liable under section 504. Similarly, under the reasoning of P.N., the individual defendants are not obligated under, and thus cannot be found liable for violations of, the IDEA. See P.N., 282 F. Supp. at 238. As a result, Plaintiffs' claims for violations of section 504 in Count One, and Plaintiffs' claims for violations of the IDEA in Count Three will be dismissed with prejudice as to all Defendants except the Egg Harbor Township Board of Education.

The accompanying Order will be entered as to Counts One, Two, and Three.

**C. Timeliness of Defendants' Rule 12(b)(1) Motion**

The Court turns next to Plaintiffs' argument that Defendants' motion should be denied as untimely. Defendants filed their motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) but did so after serving a responsive pleading on the Plaintiffs. [Docket Item 4]. Defendants' motion contends that Plaintiffs' federal law claims must be dismissed because Plaintiffs did not exhaust their required administrative remedies under the IDEA. As such it attacks the factual basis for the Court's subject matter jurisdiction over Count Three of the Plaintiffs' Complaint.[2]

A motion to dismiss for lack of subject matter jurisdiction is properly presented, "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). However, under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Third Circuit has further noted that, a "[Rule] 12(b)(1) factual evaluation may occur at any

---

[2] Additionally, Defendants' motion attacks the factual basis of the Court's subject matter jurisdiction to determine Count One, alleging violations by Defendants of Section 504 of the Rehabilitation Act of 1973. The IDEA specifically allows actions in federal court under ". . . title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities[.]" 20 U.S.C. 1415(l). However, "before the filing of a civil action under such laws seeking relief that is also available under [the IDEA], the procedures under subsections (f) and (g) of [the IDEA] shall be exhausted to the same extent as would be required had the action been brought under [the IDEA]." Id.

stage of the proceedings from the time the answer has been served until after the trial has been completed." Mortensen, at 891-92.

The type of Rule 12(b)(1) factual evaluation required to determine if Plaintiffs have properly exhausted their administrative remedies under the IDEA, and thus whether this Court has subject matter jurisdiction over both their IDEA claim and their section 504 claim, may be performed by the Court at any time and is thus timely in its current form. See Mortensen, 549 F.3d at 891. The Court is thus unpersuaded by Plaintiffs' suggestion that Defendants' motion should be denied as untimely.

**D. Exhaustion of Administrative Procedures**

Defendants claim that this Court should dismiss Plaintiffs' claims under the IDEA and under Section 504 on the grounds that Plaintiffs have not exhausted the administrative procedures for their claims as required by statute. See 20 U.S.C. 1415(l). Plaintiffs claim that resort to administrative procedures in the current case is futile and inappropriate in the current circumstances. (Pls.' Opp'n Br. at 17-20.) As discussed more fully below, this Court finds that the Plaintiffs have not properly exhausted their available administrative remedies and that exhaustion is not futile or inadequate.

The Third Circuit has found that "it is clear from the language of the [IDEA] that Congress intended plaintiffs to complete the administrative process before resorting to federal court." Komninos ex rel. Komninos v. Upper Saddle River Bd. of

Educ., 13 F.3d 775, 778 (3d Cir. 1994). "Where recourse to IDEA administrative proceedings would be futile or inadequate, however, exhaustion is excused." W.B. v. Matula, 67 F.3d 484, 495 (3d Cir. 1995) abrogated on other grounds by A.W. v. Jersey City Public Schools, 486 F.3d 791, 806 (3d Cir. 2007) (reversing only the ruling of Matula that allowed a plaintiff to bring action under 42 U.S.C. § 1983 for a violation of the IDEA or Section 504). "The burden, in such cases, of course, rests with the [party claiming that exhaustion is excused] to demonstrate the futility or inadequacy of administrative review[.]" Hoenig v. Doe, 484 U.S. 305, 327 (1988).

The Third Circuit has recognized two rationales for excusing exhaustion. Matula, 67 F.3d at 496. Exhaustion is considered futile "where the relief sought in a civil action is not available in an IDEA administrative proceeding." Id. (emphasis in original). Additionally, the procedural safeguards mandated by the IDEA are necessary "so as to develop the factual record and resolve evidentiary disputes concerning, for example, evaluation, classification, and placement." Id. (citing Lester H., 916 F.2d at 869-70). Accordingly, if, the "classification and placement have been resolved" and "[t]he factual record has been developed" in administrative hearings below, then the exhaustion requirement may also be excused. Id. While in this case the Plaintiffs made two different due process petitions to the proper New Jersey authorities and reached two different settlement agreements with the Egg Harbor Township Board of

Education, this Court finds that they have not fully exhausted their administrative remedies.

With regard to the first rationale, the Plaintiffs' Complaint recounts J.H.'s entire educational history and then urges this court to find that the Board of Education violated his rights under the IDEA by not providing J.H. with a "free appropriate education." (Compl. ¶¶ 169-74.) This determination is of exactly the kind that is properly considered by the due process hearing procedure under New Jersey law. See N.J.A.C. 6A:14-2.7 ("a due process hearing may be requested when there is a disagreement regarding identification, evaluation, reevaluation, classification, educational placement, the provision of a free, appropriate public education, or disciplinary action.") Therefore, the Court deems that the dispute over whether the Board of Education has provided J.H. with a FAPE as required by the IDEA is more properly resolved by the administrative court in this case. See, e.g., Falzett v. Pocono Mountain Sch. Dist., 150 F. Supp. 2d 699, 703 (M.D. Pa. 2001).

As noted above, the Third Circuit has recognized a second purpose of the administrative remedies in the IDEA, to "develop a factual record and to resolve evidentiary disputes" between the parties. Matula, 67 F.3d at 496. In the case before the Court, this has not yet occurred. Plaintiffs cite to the Matula decision and note that administrative exhaustion was excused in that instance because "the plaintiffs brought an action after

having first brought their claims before an administrative law judge several times." (Pls.' Opp'n Br. at 16.) Plaintiffs argue that the facts in Matula are "functionally identical to the operative procedural facts in this case." (Id.) However, Matula is distinguishable in a way that makes it directly opposed to Plaintiffs' position here. In Matula, the ALJ held more than thirty days of hearings and "issued a fifty-four page opinion" which detailed his findings and the reasons therefor. Matula, 67 F.3d at 490.

No such final decision has been issued in this case. Examining the orders of the ALJ Fidler and ALJ Miller in this case, this Court notes that neither order makes a finding of facts that could assist the Court in determining whether the Board of Education violated J.H.'s rights under the IDEA. (Defs.' Br. Exs. D and F.) In fact, the ALJs appear to have found nothing more than that the attached settlement agreements were voluntary and settled all claims between the parties. (Id.) Those settlement agreements each specifically state that they "shall not consitute, be interpreted, construed or used as evidence of any admission of fact, law, responsibility, wrong-doing or liability" on the part of either party. (Id.) The ALJ orders incorporating the agreements contain no factual record, no resolution of evidentiary disputes, nothing but the agreement arrived at by the two parties. (Id.) Because the factual record has not been developed, Matula, 67 F.3d at 496, the second exception to the administrative exhaustion requirement is

inapplicable here.

Plaintiffs further urge this Court to find that the exhaustion requirement is excused on the grounds that they are seeking monetary damages under section 504 of the Rehabilitation Act of 1973 in addition to the relief that the seek under the IDEA. (Pls.' Opp'n Br. at 19.) Under the very terms of the IDEA, exhaustion of administrative remedies is required before any claim for relief that is also available under the IDEA can be brought under any other statute. See 20 U.S.C. § 1415(l)("before the filing of a civil action under such laws seeking relief that is also available under the [the IDEA], the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter."); Jeremy H. by Hunter v. Mt. Lebanon Sch. Dist., 95 F.3d 272, 281 (3d Cir. 1996). Other district courts have recognized that "[t]he majority view among the courts is that such a plaintiff must exhaust the available administrative processes despite the fact that he cannot be awarded damages at the administrative level." Falzett, 150 F. Supp. 2d at 704; see also B.D. v. DeBuono, 130 F. Supp. 2d 401, 426 (S.D.N.Y. 2000) ("a plaintiff who files suit under . . . the Rehabilitation Act because of alleged violations of the IDEA must still comply with the IDEA's exhaustion requirements") (citing cases).

In Woodruff v. Hamilton Township Public Schools, the Court of Appeals rejected the arguments of plaintiffs who claimed that they could not "obtain the money damages they [sought] for their

IDEA, ADA and Section 504 claims through the administrative process . . ." No. 08-2439, 2009 WL 105750, at *3 (3d Cir. Jan. 15, 2009). The Court of Appeals explained:

> We are not persuaded. We have held that "plaintiffs may . . . be excused from the pursuit of administrative remedies where they allege systemic legal deficiencies and, correspondingly, request system-wide relief that cannot be provided (or even addressed) through the administrative process," but this exception is limited. In the usual case, exhaustion serves the purpose of developing the record for review on appeal, encourages parents and the local school district to work together to formulate an individualized plan for a child's education, and allows the education agencies to apply their expertise and correct their own mistakes. Furthermore, private placement and reimbursement for private school tuition are available to remedy violations of the IDEA. Compensatory education also is available.

Id. (quoting Beth V. by Yvonne V. v. Carroll, 87 F.3d 80, 89 (3d Cir. 1996) (internal citations omitted).

Plaintiffs in this case have not exhausted their available administrative remedies to bring a claim under the IDEA. As Plaintiffs' claims under Section 504 arise out of an alleged violation of the IDEA and request relief that is available under the IDEA, similar exhaustion is required for that claim as well. See, e.g., id.; B.D., 130 F. Supp. 2d at 426. As a result, both Counts One and Three will be dismissed for a lack of subject matter jurisdiction, without prejudice to Plaintiffs' right to administratively exhaust their claims.

**E. State Law Claims**

Finally, having dismissed all claims over which this Court had original jurisdiction, the Court declines to exercise

supplemental jurisdiction over Plaintiffs' state law claims in Counts Four and Five. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction." § 1367(c). As a general rule, absent exceptional circumstances, "jurisdiction [over claims based on state law] should be declined where the federal claims are no longer viable." Shaffer v. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984); see also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so").

In the case currently before the Court, the Plaintiffs' claims for violation of the New Jersey Law Against Discrimination and common law breach of contract do not implicate the "considerations of judicial economy, convenience and fairness to the parties" that would provide the appropriate justification for maintaining jurisdiction over the claims. Id. Since the Defendants' motion comes at such an early time in the litigation, prior to any discovery or other pretrial practice, there is no justification for retaining jurisdiction sufficient to overcome the presumption that this Court "must decline to decide the pendent state claims." Id.

**III. Conclusion**

For the reasons discussed above, the Court will grant the Defendants' motion to dismiss in full. Specifically, the Court will: (1) dismiss Count One of the Plaintiffs' Complaint with prejudice as to the individually named Defendants and without prejudice as to the Egg Harbor Township Board of Education for lack of subject matter jurisdiction; (2) dismiss Count Two of the Plaintiffs' Complaint with prejudice as to all Defendants for failure to state a claim upon which relief may be granted; (3) dismiss Count Three of the Plaintiffs' Complaint with prejudice as to all individually named Defendants and without prejudice as to the Egg Harbor Township Board of Education for lack of subject matter jurisdiction; (4) dismiss Count Four of the Plaintiffs' Complaint without prejudice as to all Defendants for lack of federal jurisdiction; and (5) dismiss Count Five of the Plaintiffs' Complaint without prejudice as to all Defendants for lack of federal jurisdiction. The accompanying Order will be entered.

**May 11, 2009**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge